IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
11 OCT 00 PM 4:42
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | Case No. 98-CR-278 ST |
| v. | ) | |
| DAVID A. HESTERMAN, et al., | ) | ORDER |
| Defendant(s). | ) | |

Defendant, David A. Hesterman, has made a motion to strike language from the superseding indictment (File Entry # 96). The motion does not specify the language or the reason for the relief sought and therefore does not comply with DUCrimRule 16-1 and DUCivRule 7. A memorandum has been submitted in support of the motion (File Entry # 97).

The second superseding indictment (File Entry # 53) alleges in Count II that "in light of defendant Hesterman's role in the company, (Pan World) the failure to report the defendant Hesterman's prior conviction on two counts of securities fraud was the omission of a material fact." The indictment treats Hesterman's prior criminal record as of substantive importance in meeting the 10-K disclosures obligated to be made by PanWorld which it is alleged, along with other conduct, constituted violations of 15 USC § 78j(b), 17 CFR § 240.10b-F, 15 USC § 78ff.

It is this factual allegation which apparently Hesterman contends is prejudicial and should be stricken. Hesterman contends the statement is surplusage, that the conviction was in 1984, and the PanWorld International filing

was for 1992 and since his prior conviction was over five years old, he had no duty to report the matter. Hesterman refers to 17 CFR§229.401(f)(2) for support for his contention. Finally, Hesterman asserts the prior conviction is in no way related to the new conduct charged in the indictment. However, that is not really the applicable standard for failure to disclose.

The Government's response suggests Hesterman is relying on some form of advice of defense counsel. There is no fair reading of such a claim in Hesterman's memorandum. However, the Government notes that PanWorld International's 10-K form expressly represented that none of the "officers and directors of the company have been convicted of any criminal violations in the past ten years." However, Hesterman was apparently not an "officer or director" but an employee or consultant (File Entry # 109, pp.3-4, Government response). The 10-K form also recited that there were "no securities actions taken against the company, its officers, directors or subsidiaries in the past ten (10) years." Both of the above statements are literally true. Hesterman, not being an officer or director, was outside the language of the 10-K statement, which is not false.

The Government contends that 17 CFR § 229.401(f)(2) does not provide an absolute excuse for not disclosing Hesterman's prior conviction but that it is a guide and events otherwise material should be disclosed. Securities Act Release No.33-5949. It appears that the prosecution is asserting that although Hesterman's conviction was not directly related to other affirmative misconduct alleged in the indictment, that a well informed investor would consider such

2

information material in assessing the integrity of Hesterman in his role as a consultant to PanWorld. 17 CFR 240.10b-f sets the standard <u>only</u> for a director or nominee or executive officer. Consequently, 17 CFR 229.401(f)(2) really does not apply to govern the resolution of this matter.[1]

The Government's real contention is based on the decision in <u>United States v. Yeaman</u>, 194 F.3d 442 (3rd Cir. 1999) to the effect that the anti-fraud provisions of the securities law impose a duty to disclose material matters and that Hesterman's convictions were of a material nature that should have been disclosed, in light of Hesterman's special relationship to PanWorld. The materiality element is what a "reasonable shareholder" would draw from the facts and what "the significance is" of the information to him, <u>TSC Industries, Inc. v. Northway, Inc.</u>, 426 US 438, 450 (1976); see also <u>Grossman v. Novell, Inc.</u>, 909 F.Supp. 845 (D.Utah 1995) aff'd 120 F.3d 1112. The relevant issue is would the omission have had significance in the deliberation of a reasonable shareholder. <u>TSC Indus.</u> At p.449. This is essentially a jury question.

The Government also places reliance on 17 CFR 229.401(c)[2] which provides:

---

[1] The Government indicates it wishes the criminal record language to remain in Count II. In Hesterman's reply memorandum it is asserted the Government concedes the language should be stricken from Count I. However, there is no such language in Count I of the second superseding indictment.

[2] It is assumed by making citation to the CFR section the Government is representing that it was in effect at the time of Hesterman and Weeks' conduct, otherwise its application would be ex post facto. The CFR cites the initial date of adoption [47 FR 11401] as March 16, 1982.

<u>Identification of Certain Significant Employees</u> where the registrant employs persons <u>such as</u> production managers, sales managers, or research scientists who are not executive officers but who make or are expected to make <u>significant contributions</u> to the business of the registrant, such persons shall be identified and their background disclosed to the same extent as in the case of the executive officers."

Thus, under the Government's theory, there is support for arguing that Hesterman's prior criminal convictions should have been disclosed and a jury could find the failure was material to a "reasonable shareholder" decision and should have been included in the 10-K.

Under the circumstances, the allegations as to Hesterman's criminal record are part of the Government's substantive case and are not surplusage. <u>United States v. Terrigno</u>, 838 F.2d 371 (9th Cir. 1988); <u>United States v. Richter</u>, 610 F.Supp. 480 (D.Ill. 1985) aff'd 785 F.2d 312 (7th Cir.), Rule 7(d) F.R.Cr.P., and cannot be excluded or considered prejudicial.

Therefore, the defendant Hesterman's motion to strike language from the indictment is **DENIED**.

**DATED** this 11th day of October, 2000.

BY THE COURT:

_____
Ronald N. Boyce
U.S. Magistrate Judge

ce

United States District Court
for the
District of Utah
October 12, 2000

\* \* CERTIFICATE OF SERVICE OF CLERK \* \*

Re:  2:98-cr-00278

True and correct copies of the attached were either mailed or faxed by the clerk to the following:

    Mr. Francis M Wikstrom, Esq.
    PARSONS BEHLE & LATIMER
    201 S MAIN ST STE 1800
    PO BOX 45898
    SALT LAKE CITY, UT  84145-0898
    JFAX 9,5366111

    Mr. Delano S Findlay, Esq.
    923 E 5350 S STE E
    SALT LAKE CITY, UT  84117
    JFAX 9,2648043

    Mr. Edward K. Brass, Esq.
    175 E 400 S STE 400
    SALT LAKE CITY, UT  84111
    JFAX 9,3225677

    Mr. Earl G Xaiz, Esq.
    YENGICH RICH & XAIZ
    175 E 400 S STE 400
    SALT LAKE CITY, UT  84111
    JFAX 9,3646026

    Mr. Walter F. Bugden, Esq.
    BUGDEN COLLINS & MORTON
    623 E 2100 S
    SALT LAKE CITY, UT  84106
    JFAX 9,4671800

    US Probation
    DISTRICT OF UTAH
    ,
    JFAX 9,5261136

    USMS
    DISTRICT OF UTAH
    ,
    JFAX 9,5244048

    Mr. Max D Wheeler, Esq.

```
SNOW CHRISTENSEN & MARTINEAU
10 EXCHANGE PLACE
PO BOX 45000
SALT LAKE CITY, UT  84145-5000
JFAX 9,3630400

Mr. James N. Barber, Esq.
50 W BROADWAY #100
SALT LAKE CITY, UT  84101-2006
JFAX 9,3643406

Mr. Stewart C. Walz, Esq.
US ATTORNEY'S OFFICE
,
JFAX 9,5245985

Leslie Hendrickson Hughes, Esq.
SECURITIES AND EXCHANGE COMMISSION
1801 CALIFORNIA ST #4800
DENVER, CO  80202-2648
```